# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW SKAMFER,

              Petitioner,

v.

WARDEN BRIAN FOSTER,

              Respondent.

Case No. 17-CV-1182-JPS

**ORDER**

On August 30, 2017, the petitioner Matthew Skamfer ("Skamfer") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Rusk County Circuit Court, Skamfer was convicted of substantial battery, disorderly conduct, and criminal damage to property. *Id.* at 2. On September 19, 2016, he was sentenced to six years' confinement ("3 years in, 3 years out"). *Id*.

Skamfer engaged in significant post-conviction motion practice in the Wisconsin state courts related to the conviction that is the subject of the instant petition. On December 11, 2017, the circuit court judge overseeing over Skamfer's post-conviction proceedings issued an oral ruling granting Skamfer a new trial.[1] Skamfer acknowledged this in letters to this Court filed subsequent to his petition. *See* (Docket #12 at 1 and #14). On March 6, 2018, the circuit court vacated Skamfer's conviction. He is set to be released on bond on March 20, 2018, pending his new trial.

---

[1] The docket sheet for Skamfer's underlying criminal case, Rusk County Circuit Court case number 2015CF63, can be viewed at https://wcca.wicourts.gov.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Skamfer's petition must be dismissed because it has become moot. As Skamfer acknowledges in his letters to the Court, *see* (Docket #12 and #14), the conviction from which he seeks relief has been vacated; he is set to receive a new trial for the charges that led to his conviction.[2] "When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot." *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). In *Lowe*, the habeas petitioner was granted a new trial in his underlying state criminal case during the pendency his appeal to the Seventh Circuit from the district court's dismissal of his habeas petition. *Id.* Because the petitioner's conviction was thus "null and void," the Seventh Circuit found that he could "obtain no further remedy by way of the present habeas petition." *Id.* The same is true of Skamfer's petition, and it therefore must be dismissed. In light of the dismissal for mootness, Skamfer's motions to stay his state court proceedings and to appoint him counsel,

---

[2]Because Skamfer was "in custody" at the time he filed his habeas petition, he fulfilled the jurisdictional requirement of § 2254(a), but as the Seventh Circuit pointed out in *Puchner v. Kruziki*, 111 F.3d 541, 543 (7th Cir. 1997), this does not necessarily mean that he escapes mootness. The case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

(Docket #9, #12, and #14), and his motion for bail (Docket #4), will also be denied as moot.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion for bail pending decision (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion to stay proceedings and appoint counsel (Docket #9) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's second motion to stay proceedings and appoint counsel (Docket #12) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion to stay his state court re-trial (Docket #14) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge